AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
DAVID SZWARCSZTEJN, CA Bar No. 272371
david.szwarcsztejn@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:  213-239-9045

Attorneys for Defendant
U.S. RENAL CARE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BRUNO, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. RENAL CARE, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:21-cv-04617 FLA (MRWx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AND FOURTH THROUGH EIGHTH CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        August 20, 2021<br>Time:        1:30 p.m.<br>Place:       Courtroom 6B<br><br>Complaint Filed: March 3, 2021<br>Trial Date:       None<br>District Judge:   Hon. Fernando L. Aenlle-Rocha<br>                  Courtroom 6B, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>                  Courtroom 550, Roybal |

PLEASE TAKE NOTICE that, on August 20, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6B of the United States District Court, Central District of California, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendant U.S. Renal Care, Inc. ("Defendant") will and hereby does move the Court to dismiss the First and Fourth through Eighth Causes of Action in Plaintiff Manuel Bruno's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) on the grounds that:

1.      Plaintiff's First Cause of Action for Unpaid Overtime fails to meet the pleading requirements of Fed. R. Civ. P. 8 because Plaintiff does not set forth specific factual allegations plausibly demonstrating a deprivation of overtime wages in violation of California law, with respect to any claim or theory of liability embraced by the phrases "includes, inter alia" (FAC, ¶ 28) and "including" (FAC, ¶ 52);

2.      Plaintiff's Fourth Cause of Action for Unpaid Minimum Wages fails to meet the pleading requirements of Fed. R. Civ. P. 8 because Plaintiff does not set forth specific factual allegations plausibly demonstrating a deprivation of minimum wages in violation of California law, with respect to any claim or theory of liability embraced by the phrase "included, inter alia" (FAC, ¶¶ 34, 81);

3.      Plaintiff's Fifth Cause of Action for Final Wages Not Timely Paid fails to meet the pleading requirements of Fed. R. Civ. P. 8 because Plaintiff does not set forth specific factual allegations plausibly demonstrating a deprivation of timely final wages in violation of California law;

4.      Plaintiff's Sixth Cause of Action for Non-Compliant Wage Statements (i) seeks an impermissible double recovery; (ii) fails to meet the pleading requirements of Fed. R. Civ. P. 8 because Plaintiff does not set forth specific factual allegations plausibly demonstrating a cognizable injury, with respect to any claim or theory of liability embraced by the phrases "included, inter alia" (FAC, ¶ 36) and "include, but are not limited to" (FAC, ¶ 95); and (iii) is derivative of the factually

and legally insufficient allegations of Plaintiff's First and Fourth Causes of Action which are subject to dismissal for failing to meet the pleading requirements of Fed. R. Civ. P. 8; and (iv) fails to allege a claim for injunctive relief as former employees such as Plaintiff lack standing to pursue such relief;

5.    Plaintiff's Seventh Cause of Action for Unreimbursed Business Expenses fails to meet the pleading requirements of Fed. R. Civ. P. 8 because Plaintiff does not set forth specific factual allegations plausibly demonstrating a deprivation of reimbursement for necessary business expenses in violation of California law, with respect to any claim or theory of liability embraced by the phrase "included, inter alia" (FAC, ¶ 102); and

6.    Plaintiff's Eighth Cause of Action for Unfair Competition under the California Business and Professions Code § 17200, et seq. ("UCL") (i) fails to allege that there is an inadequate legal remedy available to Plaintiff for his underlying Labor Code claims; (ii) is derivative of the factually and legally insufficient allegations of Plaintiff's First, Fourth, and Fifth Causes of Action, which are subject to dismissal for failing to meet the pleading requirements of Fed. R. Civ. P. 8; and (iii) fails to allege a claim for injunctive relief as former employees such as Plaintiff lack standing to pursue such relief.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and pleadings on file in this action, and any other written and oral argument as the Court may entertain on this Motion.  This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 7, 2021.

DATED: July 22, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Szwarcsztejn
Aaron H. Cole
David Szwarcsztejn

Attorneys for Defendant
U.S. RENAL CARE, INC.

47894896_2.docx

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................... 1

II.    BACKGROUND ....................................................................................... 2

III.    LEGAL ARGUMENT ............................................................................ 3

    A.    Applicable Legal Standard ............................................................ 3

    B.    Plaintiff's First, Fourth, Fifth, Sixth, and Seventh Causes of Action Plead Insufficient Facts to State a Claim as to Catch-All Allegations Such as "Including, But Not Limited To" and "Inter Alia". .......................................................... 4

    C.    Plaintiff Fails to State a Claim for His Fifth Cause Of Action for Untimely Final Wages. ................................................. 8

    D.    Plaintiff's Sixth Cause of Action for Non-Compliant Wage Statements Fails as a Matter of Law. .................................. 9

    E.    Plaintiff's Eighth Cause of Action Fails to State a Claim for Unfair Business Practices Under the UCL. ........................... 11

IV.    CONCLUSION ..................................................................................... 13

47894896_2.docx

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alvarado v. Wal-Mart Associates, Inc.*,
2020 WL 6526372 (C.D. Cal., August 7, 2020) ......................................................... 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................... 4

*Balistreri v. Pacifica Police Dept.*,
901 F. 2d 696 (9th Cir. 1990) ....................................................................................... 3

*Barranco v. 3D Sys. Corp.*,
952 F.3d 1122 (9th Cir. 2020) ................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................. 3, 4

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (2000) .................................................................................................... 7

*Gordon v. Aerotek, Inc.*,
2017 WL 8217410 (C.D. Cal. Oct. 12, 2017) ............................................................ 12

*Grid Systems Corp. v. Texas Instruments Inc.*,
771 F. Supp. 1033 (N.D. Cal. 1991) ............................................................................ 7

*Lazar v. County of Los Angeles*,
2008 WL 11411183 (C.D. Cal. Apr. 18, 2008) ........................................................... 7

*Lyter v. Cambridge Sierra Holdings, LLC*,
2017 WL 8186044 (C.D. Cal. July 25, 2017) ........................................................... 10

*Morales v. Paschen Management Corp.*,
2019 WL 6354396 (C.D. Cal. Sept. 27, 2019) ............................................................ 9

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ........................................................................................ 3

*Oliver v. Ralphs Grocery Co.*,
654 F.3d 903 (9th Cir. 2011) ........................................................................................ 6

*Pickern v. Pier 1 Imps. (U.S.), Inc.*,
457 F.3d 963 (9th Cir. 2006) .................................................................................... 4, 6

*Pyara v. Sysco Corp.*,
2016 WL 3916339 (E.D. Cal. July 20, 2016) ........................................................... 10

*Sanchez v. Aerogroup Holdings, Inc.*,
2013 WL 1942166 (N.D. Cal. May 8, 2013) ............................................................... 8

*Sherman v. Schneider National Carriers, Inc.*,
2019 WL 3220585 (C.D. Cal. Mar. 6, 2019) ............................................................ 11

ii

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ................................................................... 12, 13

*In Re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (9th Cir. 1996) ......................................................................... 4

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .................................................................... 4, 8

*Taylor v. Sam's West, Inc.*,
   Case No. CV 20-5380, p. 5 (C.D. Cal. Oct. 7, 2020) ..................................... 7

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ......................................................................... 4

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ..................................................................................... 12

*Walsh v. Nevada Dep't of Human Res.*,
   471 F.3d 1033 (9th Cir. 2006) ..................................................................... 12

**California Cases**

*Maldonado v. Epsilon Plastics, Inc.*,
   22 Cal. App. 5th 1308, 1336-37 (2018), *review denied* (Aug. 22,
   2018) .............................................................................................................. 9

*Soto v. Motel 6 Operating, L.P.*,
   4 Cal. App. 5th 385, 392-93 (2016) ............................................................ 10

**Federal Statutes**

California Business & Professions Code
   §§ 1681b (Fair Credit Reporting Act) ............................................................ 2

**California Statutes**

California Business & Professions Code
   §§ 17200 et seq. ............................................................................................. 2

California Labor Code
   §§ 201 and 202 ............................................................................................... 2
   § 204 ............................................................................................................... 2
   § 226 ..................................................................................................... 9, 10, 11
   § 226(a) ............................................................................................ 2, 9, 10, 11
   § 226.7 ............................................................................................................ 2
   §§ 226.7 and 512(a) ....................................................................................... 2
   §§ 510 and 1198 ............................................................................................. 2
   § 1174(d) ........................................................................................................ 2
   §§ 1194, 1197, and 1197.1 ............................................................................ 2
   §§ 2800 and 2802 ........................................................................................... 2

**Other State Statutes**

Labor Code
    § 203 .................................................................................... 8, 9
    § 226(e) .............................................................................. 10, 11
    § 226(e)(2)(B)(i)-(ii) ............................................................. 10

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ...................................... 5

Fed. R. Civ. P. 12(b)(6) ........................................................ 3, 4

Fed. R. Civ. P. 12(f) ............................................................... 12

Rule 8 ............................................................................ 1, 4, 5, 6

iv        Case No. 2:21-cv-04617 FLA (MRWx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a putative class action in which Plaintiff Manuel Bruno ("Plaintiff") asserts various wage and hour causes of action against Defendant U.S. Renal Care, Inc. ("Defendant") in the operative First Amended Class Action Complaint for Damages (the "FAC").  As described below, several of the causes of action Plaintiff asserts in his FAC suffer from defects that entitle Defendant to an order of dismissal.

First, Plaintiff's First, Fourth, Fifth, Sixth, and Seventh Causes of Action fail to comply with Rule 8 because they do not give Defendant fair notice of the grounds for his claims as to open-ended, catch-all phrases such as "including, but not limited to" and "inter alia," which appear designed to either refuse to disclose all grounds for Plaintiff's claims or to enable Plaintiff to later bootstrap new grounds for his claims not expressly disclosed in the FAC.  For example, with respect to his minimum wage claim, Plaintiff twice pleads: "Defendants' failure to pay minimum wages **included, inter alia,** Defendant's effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties. . . ." FAC, ¶¶ 34, 81 (bold emphasis added).  On its face, the catch-all phrase "included, inter alia" means that the "off-the-clock" theory disclosed is one ground for his minimum wage claim but that other, undisclosed grounds exist; yet, the FAC fails to allege facts sufficient to give Defendant fair notice of the nature of any such additional grounds.  Rule 8 requires that the complaint give Defendant fair notice of the grounds and scope of Plaintiff's claims so that Defendant can plead its response, conduct discovery, and prepare its defenses, rather than being ambushed with undisclosed grounds later (e.g., at the time plaintiff seeks class certification or in response to a dispositive motion).

In addition, Plaintiff's Sixth Cause of Action fails to state a claim for inaccurate wage statements as it seeks an impermissible double recovery for his overtime, minimum wage, meal period, and rest period claims.  Similarly, Plaintiff's

Eighth Cause of Action fails to state a claim for restitution under the UCL. Equitable relief is only available under the UCL when no adequate remedy at law exists. Plaintiff fails to allege (and cannot allege) that the legal remedies he seeks under the Labor Code are inadequate.  Because these are legal bars to Plaintiff's Sixth and Eighth Causes of Action, Plaintiff cannot cure these defects and the Sixth and Eighth Causes of action should be dismissed with prejudice.

Finally, Plaintiff also fails to state a claim on his Sixth and Eighth Causes of Action with respect to his request for injunctive relief, which he cannot obtain as a former employee of Defendant.

In light of Plaintiff's inadequate pleading, Defendant respectfully requests that the Court grant this Motion to Dismiss in its entirety, including dismissing Plaintiff's Sixth and Eighth Causes of Action with prejudice.

## II.   <u>BACKGROUND</u>

Plaintiff initiated this action on March 3, 2021 in the Superior Court of California for the County of Los Angeles, asserting claims for: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (6) violation of California Labor Code § 204 (wages not timely paid during employment); (7) violation of California Labor Code § 226(a) (non-compliant wage statements); (8) violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (9) violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses); (10) violation of California Business & Professions Code §§ 17200 et seq. ("UCL"); and (11) violation of California Business & Professions Code §§ 1681b (Fair Credit Reporting Act) ("FCRA"). Defendant removed the action to this Court on June 4, 2021.

Defendant filed a Motion to Dismiss the First through Tenth Causes of Action in Plaintiff's Complaint on June 11, 2021.  On June 25, 2021, Plaintiff filed the operative FAC, which dismissed the former Sixth and Eighth Causes of Action, and made other changes to the allegations.

According to the FAC, Defendant hired Plaintiff as a Dialysis Technician and employed him from "approximately March 2020 to approximately November 2020." (FAC ¶¶ 18-19.)  Plaintiff seeks to represent a proposed "Wage Class" consisting of "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from March 3, 2017 to final judgment and who reside in California."[1]  (FAC, ¶ 13.)  On behalf of himself and the putative class, Plaintiff seeks wages, penalties, liquidated damages, and injunctive relief for the alleged Labor Code violations and restitution of wages and penalties under the UCL.  (*Id.*, ¶ Prayer for Relief).

## III.   **LEGAL ARGUMENT**

### A.   **Applicable Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed as a matter of law for: (1) lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990).  To survive a Rule 12(b)(6) challenge, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions . . . amounting to nothing more than a 'formulaic recitation of the elements'" of a claim "are not entitled to an assumption of truth") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Plaintiff also seeks to represent a putative FCRA class consisting of all of Defendant's current and former employees and prospective applicants for employment who applied for a job with Defendants on whom a background check was performed at any time during the period five years preceding the filing of the Complaint to final judgment. The FCRA cause of action and the related putative class are not pertinent for purposes of this Motion.

681 (2009)).  Courts may not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also In Re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

While Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but rather, it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-557).  It further asks whether the pleading's "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," (*Id.* (citing *Twombly*, 550 U.S. at 557)), such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued ligation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pursuant to Rule 12(b)(6), dismissal of the First and Fourth through Eighth Causes of Action in the FAC is appropriate because they fail to comply with Fed. R. Civ. P. 8 and/or are substantively defective as explained below.

**B.**   **Plaintiff's First, Fourth, Fifth, Sixth, and Seventh Causes of Action Plead Insufficient Facts to State a Claim as to Catch-All Allegations Such as "Including, But Not Limited To" and "Inter Alia".**

Rule 8 "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002)).  As referenced above, Plaintiff's initial Complaint failed to plead any facts to support his various wage and hour claims, requiring Defendant to file a Motion to Dismiss.  Plaintiff responded to the Motion to

Dismiss by filing his FAC, which wholly dismissed two causes of action and added *some* factual allegations relating to his claims.

However, Plaintiff's FAC indicates (or appears to indicate) that Plaintiff's new allegations do not disclose *all* of the grounds for his claims, and therefore denies Defendant its right to fair notice of "the grounds upon which [his claim] rests" under Rule 8.  For example, with respect to his minimum wage claim, Plaintiff pleads, under the section entitled "Fourth Cause of Action" corresponding to his minimum wage claim: "Defendants' failure to pay minimum wages **included, *inter alia*,** Defendant's effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, such as tasks related to providing medical care for patients, cleaning medical equipment and the work area, and communicating with supervisors about work-related issues."  FAC, ¶ 81 (bold emphasis added).  The phrase "included, inter alia," on its face means that the information that follows it is incomplete; to wit, "inter alia" means "among other things.  *See* "Inter alia", Black's Law Dictionary (11th ed. 2019).  The only other place where Plaintiff describes the facts purportedly supporting his minimum wage claim is in the "General Allegations" section of his FAC, where he pleads the same allegation cited above, virtually verbatim and, again, using the phrase "including, *inter alia*" with the same effect.  FAC, ¶ 34 (similar).  Thus, Plaintiff apparently has not disclosed all of the grounds on which he intends to seek classwide relief for minimum wage violations.

Similarly, with respect to his expense reimbursement claim, Plaintiff alleges that Plaintiff and the putative class members "incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, **including but not limited to**, the use of personal phones for business-related purposes, costs incurred using their personal vehicles for work travel, and purchasing clothing and protective-wear required for work."  FAC, ¶ 102 (bold emphasis added).  Again, the phrase "including, but not limited to," expressly indicates that the list of expenses that

follow are not comprehensive, meaning that Plaintiff apparently has not disclosed all of the types of expenses for which he will seek class-wide relief.  The only other places in the FAC that contain allegations referencing his expense reimbursement claim contain less facts in that they identify no expenses whatsoever.  See FAC, ¶¶ 37, 44.

Plaintiff's FAC uses these and similar catch-all phrases, to the same effect, with respect to his First (overtime), Fourth (minimum wages), Fifth (waiting time), Sixth (wage statements), and Seventh (unreimbursed expenses) Causes of Action, as follows:

Paragraph 28 – "includes, inter alia," (overtime)

Paragraph 34 – "included, inter alia," (minimum wages)

Paragraph 36 – "included, inter alia," (wage statements)

Paragraph 52 - "including" (overtime)

Paragraph 81 – "included, inter alia," (minimum wages)

Paragraph 89 – "including, but not limited to," (waiting time)

Paragraph 95 – "include, but are not limited to," (wage statements)

Paragraph 102 – "including but not limited to," (business expenses)

Ninth Circuit precedent confirms that the right to fair notice of the claims afforded to a defendant under Rule 8 imposes on the plaintiff an obligation to disclose each separate ground for plaintiff's claim in the complaint.  See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 909 (9th Cir. 2011) ("for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere").  A plaintiff is not entitled to plead in the complaint only some of the grounds for a claim and use phrases like "including, but not limited to" as a catch-all for additional grounds to be sprung on defendant later on.  See Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 969 (9th Cir. 2006) (holding, under Rule 8, that pleadings including the phrase "may include, but is not limited to"

followed by "a list of hypothetical possible [violations was] not a substitute for investigating and alleging the grounds for a claim" and plaintiff could not rely on such pleadings to embrace unpleaded factual grounds for her claim).  Nor may a plaintiff "refuse to disclose" grounds for his claim that the pleadings purport to put at issue in the action.  *Lazar v. County of Los Angeles*, 2008 WL 11411183, at *3 (C.D. Cal. Apr. 18, 2008) (granting motion to dismiss where plaintiff alluded to, but "refuse[d] to disclose" a "crime" that was the basis for his claims, notwithstanding allegations describing a "list of wrongs [] allegedly committed against him").

In sum, a defendant is entitled to understand the full scope of the claims asserted by the complaint, and district courts have granted motions to dismiss where open-ended, catch-all phrases leave the defendant without clear notice of the scope of the action.  *See, e.g.*, *Taylor v. Sam's West, Inc.*, Case No. CV 20-5380, p. 5 (C.D. Cal. Oct. 7, 2020) (granting motion to dismiss on grounds that the phrase "other similar positions" was "too vague to put Sam's Club on notice of whom Taylor seeks to represent").  Without clear and fair notice of all of the grounds that Plaintiff purports to put at issue in his Complaint, Defendant is prejudiced in its ability to defend itself in the action through its responsive pleading, investigation and discovery into the claims, and in response to motion practice.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."); *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1037 (N.D. Cal. 1991) ("Effective pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter-or cross-claims, and for preparing an appropriate answer").

Accordingly, the Court should grant Defendant's motion to dismiss the First and Fourth through Eighth Causes of Action as to the terms "includes, inter alia" (FAC, ¶ 28), "included, inter alia," (FAC, ¶¶ 34, 36, 81), "including" (FAC, ¶ 52),

"including but not limited to (FAC, ¶¶ 89, 102), and "including but are not limited to" (FAC, ¶ 95).

## C.   Plaintiff Fails to State a Claim for His Fifth Cause Of Action for Untimely Final Wages.

In addition to the above, Plaintiff generally fails to allege sufficient facts to support his Fifth Cause of Action. Specifically, Plaintiff fails to identify the dates of his termination, the dates of receipt of his final paycheck, the amounts of his final paycheck, or the amounts for which he was unpaid. Given that Plaintiff fails to state any facts sufficient to constitute a cause of action for untimely final wages, Plaintiff's Fifth Cause of Action cannot survive Defendant's Motion to Dismiss. *Starr*, 652 F.3d at 1216 (plaintiff has failed to set forth "sufficient allegations of underlying facts to give fair notice and to enable [defendants] to defend [themselves] effectively."); *see also Raphael*, 2015 WL 4127905, at *3 (plaintiff's allegations "read the same way, barren of facts describing specific periods of time where pay was denied or specific practices engaged in by [defendant] and instead only offer[ ] conclusory language, and for that reason each is insufficient to withstand [defendant's motion to dismiss]").

Plaintiff also fails to allege facts to support the requisite element that Defendants *willfully* violated the Labor Code for purposes of imposing waiting time penalties under Labor Code § 203. Although the Complaint alleges that "Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ," Plaintiff provides no factual support for this vague conclusion. (FAC, ¶ 88). Accordingly, Plaintiff's Fifth Cause of Action must be dismissed. *See Sanchez v. Aerogroup Holdings, Inc.*, 2013 WL 1942166, at *14 (N.D. Cal. May 8, 2013) ("Plaintiff has, in essence, just restated the language of Section 203. Plaintiff has not alleged facts showing that [defendant] willfully refused to pay Plaintiff her wages after she was discharged or

quit.  Consequently, Plaintiff's Section 203 claim must be dismissed . . .").

For the foregoing reasons, the Court should dismiss Plaintiff's Fifth Cause of Action in its entirety.

### D.   Plaintiff's Sixth Cause of Action for Non-Compliant Wage Statements Fails as a Matter of Law.

Plaintiff's Sixth Cause of Action alleges a violation of Labor Code Section 226(a), which requires employers to provide an "accurate itemized statement" specifying certain information such as an employee's gross and net wages earned, total hours worked, and hourly rates of pay.  Plaintiff's claim for non-compliant wage statements is tied to the alleged violations asserted in his First and Fourth Causes of Action (*i.e.*, unpaid overtime and minimum wages).  As such, Plaintiff's Sixth Cause of Action fails to the extent it is based on the First and Fourth Causes of Action for the same reasons discussed above.

Plaintiff's Sixth Cause of Action also fails because it seeks impermissible double recovery.  On its face, the Sixth Cause of Action is derivative of Plaintiff's claims for unpaid overtime and minimum wages, and meal and rest period violations, for which he already seeks relief through his First, Second, Third, and Fourth Causes of Action.  (*See* FAC, ¶ 95 ("As the employer willfully requiring work to be performed off-the-clock and failing to provide, authorize, and/or permit compliant meal and rest periods or to pay all premium wages owed for such failure, Defendants had the information necessary to provide wage statements that accurately reflected the total number of hours actually worked and the actual gross and net wages earned, yet failed to do so . . . .")  Such purely derivative wage statement claims are barred as an impermissible double recovery.  *See Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-37 (2018), *review denied* (Aug. 22, 2018) (holding that a purely derivative wage statement claim constitutes impermissible double recovery); *Morales v. Paschen Management Corp.*, 2019 WL 6354396 at *9 (C.D. Cal. Sept. 27, 2019) ("California Labor Code section 226 is not intended to permit a 'double

recovery' like Plaintiff seeks here.  Plaintiff's claim is based on Defendants' alleged deduction of time for meal breaks Plaintiff did not actually receive, which is entirely duplicative of Plaintiff's previous causes of action); *Pyara v. Sysco Corp.*, 2016 WL 3916339 at \*7 (E.D. Cal. July 20, 2016) ("[P]ermitting a plaintiff to use violations of meal and rest period regulations to form the basis of a CLC section 226 claim would result in an improper multiple recovery by the employee.").  Plaintiff's Sixth Cause of Action is ripe for dismissal given his attempt to seek improper double recovery.

In addition, Plaintiff's Labor Code § 226 claim fails because Plaintiff has not alleged a cognizable injury as a result of the allegedly inaccurate wage statements. Under Labor Code § 226(e), an employer is only liable for an inaccurate wage statement if the employee is injured by a knowing and intentional failure to comply with Labor Code § 226(a).  Courts have interpreted the injury requirement of Labor Code § 226(e) as circumstances where the employee cannot determine from the wage statement the amount of gross and net wages actually "paid . . . during the pay period" and the amount of deductions actually "made . . . during the pay period." *See* Labor Code § 226(e)(2)(B)(i)-(ii).  "'The purpose of requiring greater wage stub information is to insure that employees are adequately informed of the compensation received and are not shortchanged by their employers," consistent with that purpose, "an employer is required to identify only those statutory items that are part of the employee's current monetary compensation [and] must provide the employee with an itemized statement identifying the specific wages being paid at the time of payment. . ." *Soto v. Motel 6 Operating, L.P.,* 4 Cal. App. 5th 385, 392-93 (2016) (citations to quotations omitted).  As such, courts routinely dismiss § 226 claims where, like here, the plaintiff fails to allege that he was unable to determine the amount of wages he was *actually paid* from the face of his wage statements.  *See e.g., Lyter v. Cambridge Sierra Holdings, LLC*, 2017 WL 8186044, at \*5 (C.D. Cal. July 25, 2017) (dismissing § 226 claim because the plaintiff "failed to allege that she was unable to determine the amount of wages she was actually paid from the face of

her wage statements" and thus the "Plaintiff ha[d] not met section 226's injury requirement."); *Sherman v. Schneider National Carriers, Inc.*, 2019 WL 3220585, at *5 (C.D. Cal. Mar. 6, 2019) (dismissing with prejudice plaintiff's § 226 claim premised on wage statement's omission of unpaid time spent on the job during breaks because plaintiff "alleged only that the amount he was paid was incorrect, not the wage statements inaccurately reflected the wages he was paid").

Plaintiff's Complaint does not allege that the wage statements he received were inaccurate in reporting the wages *actually paid to him* during any applicable pay periods.  Instead, the Complaint alleges that Plaintiff's wage statements were inaccurate because, like in *Sherman*, Defendant allegedly "fail[ed] to include the accurate total number of hours worked by Plaintiff and the other class members." (FAC, ¶ 96).  The alleged failure to include compensation that the employee claims should have been paid does not give rise to penalties under Labor Code § 226(e).  In fact, "wage statements do not violate § 226(a) even if the amount paid was incorrect."  *Sherman*, 2019 WL 3220585 at *5.

Because Plaintiff has failed to set forth any independent grounds that could remotely demonstrate a violation of Labor Code § 226(a) and because Plaintiff failed to plead a cognizable injury, the Court should grant Defendant's Motion to Dismiss the Sixth Cause of Action.

### E.   **Plaintiff's Eighth Cause of Action Fails to State a Claim for Unfair Business Practices Under the UCL.**

Plaintiff's Eighth Cause of Action for Unfair Competition under the UCL is entirely derivative of his First, Second, Third, Fourth, Fifth, and Sixth Causes of Action.  By Plaintiff's own account, the UCL claim is "predicated on" Defendant's alleged violations of failing to pay overtime wages, requiring employees to work through meal and rest periods without properly compensating them, failing to pay minimum wages, failing to pay wages upon separation, and failing to reimburse business expenses.  (FAC, ¶ 108.)  Given the derivative nature of the Eighth Cause

of Action, it suffers the same fatal defects as the First, Fourth, Fifth, Sixth and Seventh Causes of Action described above and should be dismissed to the extent it is based on such grounds. *See, e.g., Byrd*, 2016 WL 756523, at *4 ("Plaintiff's unfair competition and PAGA claims are premised on his California Labor Code claims, and for that reason, are also insufficient.").

Plaintiff's unfair competition claim is subject to dismissal for the additional reason that Plaintiff fails to state a claim for restitution under the UCL. Specifically, Plaintiff seeks "restitution of the wages withheld and retained by Defendants" and "injunctive relief"[2] for the same alleged Labor Code violations for which he seeks "damages" by way of his First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action. (FAC, ¶ 107-111, Prayer for Relief, ¶ 49 (p. 31)). When a state law claim for equitable relief is before a federal court, however, "the necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020) (internal quotations omitted). In fact, the Ninth Circuit recently held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

Here, like in *Sonner*, "the operative complaint does not allege that [Plaintiffs]

---

[2] In connection with his Sixth and Eighth Causes of Action, Plaintiff seeks injunctive relief. (FAC, ¶ 99, Prayer for Relief, ¶ 38 (p. 30) and ¶ 49 (p. 31)). According to the Complaint, however, Defendant employed Plaintiff between "approximately March 2020 and "approximately November 2020." (*Id.*, ¶ 18). As a former employee, Plaintiff lacks standing to pursue injunctive relief against Defendant. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011) (concluding plaintiffs whose employment ended after action was filed had no claim for injunctive relief against their former employer concerning its employment practices); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036-37 (9th Cir. 2006) (affirming dismissal of complaint and concluding that a plaintiff requesting an injunction requiring her former employer to adopt and enforce unlawful policies "lacked standing to sue for injunctive relief from which she would not likely benefit"); *Gordon v. Aerotek, Inc.*, 2017 WL 8217410 at *6 (C.D. Cal. Oct. 12, 2017) (collecting cases). Accordingly, should the Complaint withstand Defendant's Motion to Dismiss, Plaintiff's request for injunctive relief should be stricken under Fed. R. Civ. P. 12(f).

lack[] an adequate legal remedy." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (noting that a plaintiff must "plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacies of remedies at law'"); *Alvarado v. Wal-Mart Associates, Inc.*, 2020 WL 6526372, at *4 (C.D. Cal., August 7, 2020) ("[I]n order to assert a claim for equitable restitution under the UCL in federal court, the complaint must allege that the plaintiff lacks an adequate legal remedy."). Although Plaintiff seeks damages for the alleged Labor Code violations that form the bases of his demand for restitution under the UCL, he does not allege that those damages are inadequate. (*See, e.g.,* FAC, ¶¶ 107-111, Prayer for Relief). Accordingly, Plaintiff's Eighth Cause of Action for restitution under the UCL should be dismissed. *Sonner*, 962 F.3d 1081 (dismissing claim for restitution under the UCL because "Sonner fails to explain how the same amount of money for the exact same harm is inadequate or incomplete, and nothing in the record supports that conclusion").

In light of the foregoing pleading deficiencies, Plaintiff's Eighth Cause of Action should be dismissed with prejudice.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss the First and Fourth through Eighth Causes of Action in Plaintiff's Complaint as described above.


DATED: July 22, 2021                    OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.


                                        By: /s/ David Szwarcsztejn
                                            Aaron H. Cole
                                            David Szwarcsztejn

                                        Attorneys for Defendant
                                        U.S. RENAL CARE, INC.