1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MICHAEL BRUNO,                    Case No. 2:21-cv-04617-FLA (MRWx)

12                  Plaintiff,
                                      **ORDER DENYING PLAINTIFF'S**
13        v.                          **MOTION TO REMAND [DKT. 13]**
                                      **AND GRANTING IN PART**
14                                    **DEFENDANT'S MOTION TO**
    U.S. RENAL CARE, INC., et al.,    **DISMISS [DKT. 20]**
15
                    Defendants.
16

17

18

19                          **RULING**

20        Before the court are two motions: (1) Plaintiff Michael Bruno's ("Bruno" or

21  "Plaintiff") Motion to Remand Pursuant to 28 U.S.C. § 1447 (Dkt. 13, "MTR"); and

22  (2) Defendant U.S. Renal Care, Inc.'s ("U.S. Renal Care" or "Defendant") Motion to

23  Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 20, "MTD").  Both Motions are

24  opposed.  Dkt. 19 (Opposition to MTR, "MTR Opp."); Dkt. 23 (Opposition to MTD,

25  "MTD Opp.").  In August 2021, the court found these matters appropriate for

26  resolution without oral argument and vacated the hearing dates.  Dkts. 24, 26; *see* Fed.

27  R. Civ. P. 78(b); Local Rule 7-15.

28  / / /

                              1

1   For the reasons stated herein, the court DENIES Plaintiff's Motion to Remand

2   and GRANTS in part Defendant's Motion to Dismiss.

3   **BACKGROUND**

4   Plaintiff filed this putative employment class action on March 3, 2021, in Los

5   Angeles Superior Court.  Dkt. No. 1-1.  The Complaint alleged eleven causes of action

6   for violations of the California Labor Code, California Business & Professions Code

7   § 17200 et seq. (the Unfair Competition Law, "UCL"), and 15 U.S.C. § 1681b, the

8   Fair Credit Reporting Act ("FCRA").  *Id.*  On June 4, 2021, Defendant removed the

9   action to this court, alleging both (1) federal question jurisdiction in light of the FCRA

10  claim, and (2) jurisdiction pursuant to the Class Action Fairness Act of 2005

11  ("CAFA").  Dkt. 1.

12  Plaintiff filed a First Amended Complaint ("FAC") on June 24, 2021, alleging

13  nine causes of action for violations of: (1) California Labor Code §§ 510 and 1198

14  (unpaid overtime); (2) California Labor Code §§ 226.7 and 512(a) (unpaid meal

15  period premiums); (3) California Labor Code § 226.7 (unpaid rest period premiums);

16  (4) California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages);

17  (5)  California Labor Code §§ 201 and 202 (final wages not timely paid);

18  (6) California Labor Code § 226(a) (non-compliant wage statements); (7) California

19  Labor Code §§ 2800 and 2802 (unreimbursed business expenses); (8) the UCL; and

20  (9) the FCRA.  Dkt. 11 ("FAC").

21  According to the FAC, Defendant hired Plaintiff as a Dialysis Technician from

22  approximately March to November 2020.  FAC ¶¶ 18-19.  Plaintiff was an hourly-

23  paid, non-exempt employee.  *Id.* ¶ 18.  Plaintiff seeks to represent two classes: a

24  proposed "Wage Class" consisting of "[a]ll current and former hourly-paid or non-

25  exempt employees who worked for any of the Defendants within the State of

26  California at any time during the period from March 3, 2017 to final judgment and

27  who reside in California" and a proposed "FCRA Class" consisting of "[a]ll of

28  Defendants' current and former employees and prospective applicants for employment

1  in the United States who applied for a job with Defendants on whom a background

2  check was performed at any time during the period from March 3, 2016 to final

3  judgment." *Id.* ¶ 13.

## DISCUSSION

4

5  **I.    Motion to Remand**

6      **A.    Legal Standard**

7      "Federal courts are courts of limited jurisdiction, possessing only that power

8  authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

9  (citations and quotation marks omitted).  Pursuant to 28 U.S.C. § 1441(a), a defendant

10  may remove a civil action filed in state court to federal court only where the district

11  court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

12  392 (1987).  Under 28 U.S.C. § 1331, the federal question jurisdiction statute, "[t]he

13  district courts shall have original jurisdiction of all civil actions arising under the

14  Constitution, laws, or treaties of the United States."  In assessing whether removal

15  from state court was proper, the court looks to the pleadings at the time of removal

16  rather than any amendment to the pleadings post-removal.  *See Broadway Grill, Inc. v.*

17  *Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("the circuits have unanimously and

18  repeatedly held that whether remand is proper must be ascertained on the basis of the

19  pleadings at the time of removal").

20      **B.    Analysis**

21      Plaintiff's Motion to Remand argues Defendant fails to show that the amount in

22  controversy exceeds $5 million as required for CAFA jurisdiction.  MTR 1; MTR Br.

23  3-4.  Plaintiff, however, does not address the court's federal question jurisdiction,

24  which arises from the fact that the Complaint alleged a cause of action under a federal

25  statute, the FCRA.[1]  *See generally* MTR.  Thus, the court has original jurisdiction

26

27  _____

28  [1] The court notes the FAC continues to allege a claim under the FCRA.  FAC ¶¶ 112-
124.

pursuant to 28 U.S.C. § 1331.  *See, e.g.*, *Smith v. Quality Loan Serv. Corp.*, No. 2:11-cv-02108-KJM (EFB), 2012 WL 202055, at *6 (E.D. Cal. Jan. 23, 2012) (finding removal based on the FCRA proper); *Rogers v. Smith Volkswagen, LTD*, No. 2:19-cv-02567-AB, 2020 WL 1676400, at *1 (E.D. Pa. Apr. 6, 2020) (exercising federal question jurisdiction over FCRA claim).

On Reply, Plaintiff argues that his FCRA claim is insufficient to support removal because federal question jurisdiction permits but does not require removal. Dkt. 21 ("MTR Reply") at 13.  Plaintiff, however, does not cite any legal authority for the proposition that a defendant may not remove an action in which the plaintiff has asserted a federal claim, and argues only that the removal statute must be strictly construed against removal jurisdiction.  *See id.*  While it is true that federal question jurisdiction does not mandate removal, 28 U.S.C. § 1446 vests the right of removal exclusively with the defendant.  *See Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007).  As Defendant has chosen to exercise that right here, Plaintiff's argument fails.[2]

_____

[2] On reply, Plaintiff also argues that removal based on the FCRA claim is improper because Defendant does not establish Plaintiff has Article III standing for the claim. MTR Reply at 14-15.  "The district court need not consider arguments raised for the first time in a reply brief."  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  As Plaintiff did not raise this argument in his moving papers and Defendant did not have the opportunity to address this argument, the court will not grant the Motion to Remand on this basis.  The court briefly notes, however, that the Ninth Circuit in *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017), recognized that a FCRA claim can support Article III standing where the statutory provisions at issue were enacted to protect the consumer's concrete interests and the specific procedural violations alleged actually harm or present a material risk of harm to such interests. While Plaintiff argues here that Defendant has not pointed to an injury-in-fact, Plaintiff does not argue that his FCRA claim does not plead sufficient facts to establish "concrete harm."  *See* MTR Reply 13-14.  In these circumstances, the court finds Defendant has met its initial burden to demonstrate, for purposes of removal, that Plaintiff's FCRA claim supports federal jurisdiction while Plaintiff has not met his responsive burden to demonstrate the court's jurisdiction is actually at issue.

1    The court may exercise supplemental jurisdiction over the state law claims in

2    this action, as all claims relate to Plaintiff's employment with Defendant and "form

3    part of the same case or controversy" as the FCRA claim.  *See* 28 U.S.C. § 1367.  At

4    this time, the court will not decline to exercise supplemental jurisdiction over the state

5    law claims under 28 U.S.C. § 1367(c).

6    Accordingly, the court DENIES Plaintiff's Motion to Remand.  Having found

7    the court has original jurisdiction over the FCRA claim and supplemental jurisdiction

8    over the state law claims, the court need not assess whether the court also has

9    jurisdiction under CAFA.

10   **II.    Motion to Dismiss**

11       **A.    Legal Standard**

12   Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss a complaint

13   for "failure to state a claim upon which relief can be granted."  The purpose of Rule

14   12(b)(6) is to enable defendants to challenge the legal sufficiency of claims asserted

15   in a complaint.  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.

16   1987).  A district court properly dismisses a claim under Rule 12(b)(6) if the

17   complaint fails to allege sufficient facts "to state a cognizable legal theory."  *Caltex*

18   *Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

19   "To survive a motion to dismiss, a complaint must contain sufficient factual

20   matter … to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

21   556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

22   (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

23   need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

24   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

25   recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555

26   (internal citations omitted).  "Factual allegations must be enough to raise a right to

27   relief above the speculative level."  *Id.* (internal citations omitted).  When evaluating a

28   complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts

as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159. Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### B.   Analysis

#### 1.   Use of "Open-Ended" Phrases

Defendant moves to dismiss the first and fourth through eighth causes of action of the FAC. MTD 1. First, Defendant argues Plaintiff's first, fourth, fifth, sixth, and seventh causes of action fail to comply with Fed. R. Civ. P. 8 ("Rule 8") and are deficient because they use "open-ended, catch all phrases" such as "including, but not limited to" and "inter alia," which Defendant maintains does not give fair notice of all of the grounds for his claims. MTD Br. 1, 4-8. Defendant notes, for example, that Plaintiff's fourth cause of action for failure to pay minimum wage alleges: "Defendants' failure to pay minimum wages **included**, ***inter alia***, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, such as tasks related to providing medical care for patients, cleaning medical equipment and the work area, and communicating with supervisors about work-related issues." MTD Br. 5 (citing FAC ¶¶ 34, 81) (emphasis in MTD). Thus, according to Defendant, "Plaintiff apparently has not disclosed all of the grounds on which he intends to seek classwide relief for minimum wage violations." *Id.*

Upon review of the first, fourth, fifth, sixth, and seventh causes of action, the court finds the allegations sufficient to satisfy Rule 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The FAC pleads sufficient facts to meet that standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103-04 (9th Cir. 2008) (recognizing plaintiff need only satisfy the Rule 8(a) notice pleading standard" where the heightened pleading standard of Rule 9(b) does not apply).

Defendant cites cases including *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011), and *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006), to argue that courts have held that a complaint's use of the phrase "may include, but is not limited to" followed by "a list of hypothetical[s]" was "not a substitute for investigating and alleging the grounds for a claim," and did not give the defendant adequate notice of the specific factual allegations underlying the claim. MTD Br. 6-7.

Defendant's cited cases, however, involved determining whether plaintiffs had provided sufficient notice of new allegations and claims they sought to raise in opposition to summary judgment, which had not been pleaded in their complaints. *See Oliver*, 654 F.3d at 908 ("[Plaintiff] did not give the defendants fair notice that the barriers listed for the first time in the expert report were grounds for his claim of discrimination under the ADA."); *Pickern*, 457 F.3d at 968-69 (finding plaintiff's new allegations for violations of the Americans with Disabilities Act insufficiently pleaded where the complaint "included lists of barriers that she now characterizes as illustrative of the kinds of barriers a disabled person may confront," but "she did not allege that any of these barriers actually existed at the Store").

These cases did not address whether a claim fails to satisfy Rule 8 if it includes terms such as "including" or "inter alia," and are inapposite to the proposition for which they are cited. *See id.*[3]  Defendants do not cite any legal authority for the proposition that the inclusion of the identified terms renders deficient the factual bases that were actually pleaded for claims. *See* MTD.

---

[3] Defendants' other cited cases are similarly inapposite. For example, in *Lazar v. County of Los Angeles*, 2:07-cv-07549-MMM (FFMx), 2008 WL 11411183 (C.D. Cal. Apr. 18, 2008), at *1, the court dismissed a pro se plaintiff's complaint where he pleaded only that "at the heart of this matter, of course, is a crime," without identifying the crime that allegedly occurred or explaining how the remainder of his allegations related to that crime, such that it was not clear what precise wrong he alleged. *See* MTD Br. 7.

Accordingly, the court DENIES Defendant's Motion to dismiss Plaintiff's first, fourth, fifth, sixth, and seventh causes of action on this basis.

2.    *Whether Plaintiff Pleads Sufficient Facts to Support the Fifth Cause of Action (Untimely Final Wages)*

California Labor Code §§ 201(a) and 202(a) provide that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately," and "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

In support of Plaintiff's fifth claim for untimely paid final wages in violation of these sections, Plaintiff alleges in relevant part: "Plaintiff was not paid at the time of his separation all wages earned and unpaid throughout her [sic] employment, including but not limited to, minimum wages and overtime wages for time worked off-the-clock and meal and rest period premium payments for short, late, interrupted, and/or missed meal and rest periods." FAC ¶ 89. Defendant argues this is insufficient to support the claim, as Plaintiff "fails to identify the dates of his termination, the dates of receipt of his final paycheck, the amounts of his final paycheck, or the amounts for which he was unpaid." MTD Br. 8. The court disagrees.

Plaintiff alleges he was employed "as an hourly-paid, non-exempt employee, from approximately March 2020 to approximately November 2020…." FAC ¶ 18. The allegations of the FAC are sufficient to give Defendant fair notice of the basis for Plaintiff's claims and to satisfy the requirements of Rule 8. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (holding allegations in a complaint sufficient where they alleged specific facts, were "neither 'bald' nor 'conclusory,' and went "well beyond reciting the elements of [the claim]"). The additional specific facts demanded

by Defendant are not required to comply with Rule 8, and are more appropriately the subject of discovery. *See* Fed. R. Civ. P. 26 (b)(1).

Defendant also argues the fifth cause of action should be dismissed because Plaintiff fails to allege facts to support that Defendant <u>willfully</u> failed to timely pay final wages, for purposes of recovering penalties under California Labor Code § 203.[4] Plaintiff alleges willfulness as follows: "Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." FAC ¶ 88; *see also id.* ¶ 87 (alleging "Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were discharged, or who provided at least seventy-two (72) hours' notice of their intention to quit, their wages, earned and unpaid, immediately at the time of their discharge or separation."). According to Defendant, Plaintiff must provide additional factual support to adequately plead willfulness. MTD Br. 8.

California law makes clear, however, that "to be at fault within the meaning of [California Labor Code § 203], the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due. As used in section 203, 'willful' merely means that the employer intentionally failed or refused to perform an act *which was required to be done*." *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 7 (1981) (emphasis in original); *see also Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008) ("The settled meaning of

---

[4] California Labor Code § 203(a) provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." The court notes that were it to find Plaintiff did not adequately plead willfulness, the proper remedy would not be dismissal of the fifth cause of action in its entirety as Defendant suggests, but striking the request for penalties under California Labor Code § 203.

'willful,' as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done.").  In view of the legal definition of "willful," the court finds Plaintiff's allegations sufficient under Rule 8 to withstand Defendant's Motion to Dismiss.  Accordingly, the court DENIES the Motion to Dismiss on this basis.

> 3. *Whether Plaintiff's Sixth Cause of Action (Non-Compliant Wage Statements) Fails as a Matter of Law*

California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

In support of his claim under California Labor Code § 226(a), Plaintiff alleges:

> Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the accurate total number of hours worked by Plaintiff and the other class members.  As the employer willfully requiring work to be performed off-the-clock and failing to provide, authorize, and/or permit compliant meal and rest periods or to pay all premium wages owed for such failure, Defendants had the information necessary to provide wage statements that accurately reflected the total number of hours actually worked and the actual gross and net wages earned, yet failed to do so on a systematic basis and instead provided wage statements that did not reflect the time worked off-the-clock or all meal and rest period premiums earned.

FAC ¶ 95.  Thus, according to Plaintiff, "[b]ecause Plaintiff and the other putative class members' wage statements did not reflect the accurate number of hours worked, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount." *Id.* ¶ 96.

Defendant argues Plaintiff's sixth cause of action for inaccurate wage statements fails as a matter of law because it relies upon Plaintiff's unpaid overtime, minimum wage, meal period, and rest period claims, and thus seeks an impermissible double recovery.  MTD Br. 9.  Defendants cite *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-37 (2018), for the proposition that a claim for inaccurate wage statements that is purely derivative of other claims for Labor Code violations is barred as an impermissible double recovery.  *Id.*

In *Maldonado*, 22 Cal. App. 5th at 1313, the defendant employer adopted an alternate work schedule ("AWS") in which each employee worked 12-hour shifts, with four shifts in one week and three in the next.  The employees were paid regular wages for the first 10 hours worked (rather than the first 8 hours), and overtime wages for only hours 11 and 12 ("10/2 AWS").  *Id.*  After a bench trial, the trial court held that the 10/2 AWS was never properly adopted.  *Id.* at 1320-21.  The defendant employer's failure to pay overtime for the ninth and tenth hours, thus, was not excused, and constituted a violation of the California Labor Code for unpaid overtime. *Id.*  The trial court additionally awarded wage statement penalties on the grounds that the wage statements were inaccurate because they listed overtime hours worked by the employees at regular-time hourly rates, rather than the enhanced overtime rates the court had determined were required by law.  *Id.* at 1326.

The California Court of Appeal reversed as to the wage statement penalties, finding the plaintiff failed to establish injury flowing from the inaccuracy, since the wage statements accurately reflected the actual hours worked and pay received.  *Id.* at

1334-36.  The Court of Appeal noted that the defendant's business "was operating under the 10/2 AWS; [the defendant] paid its employees pursuant to the 10/2 AWS; and its wage statements accurately reflected the pay under the 10/2 AWS.  That the 10/2 AWS ultimately turned out to be invalid mandates that the employees receive unpaid overtime, interest, and attorney's fees.  It does not mandate that they also receive penalties for the wage statements which accurately reflected their compensation under the rates at which they had worked at the time." *Id.* at 1337.  The court noted, however, that injury is presumed under California Labor Code § 226(e)(2)(B)(i) if the wage statement omits the total hours worked by the employee, and the employee cannot promptly and easily determine from the wage statement the amount of gross or net wages paid. *Id.* at 1336.  The court held that "only the absence of the *hours worked* will give rise to an inference of injury; the absence of accurate *wages earned* will be remedied by the violated wage and hour law itself…." *Id.* at 1337 (emphasis in original). *Maldonado*, thus, establishes that a plaintiff cannot recover wage statement penalties based only on inaccuracies for insufficient wages paid, where the hours worked and the hourly rate at which they were compensated were accurately listed.

Here, however, the FAC alleges the wage statements "fail[ed] to include the accurate <u>total number of hours worked</u> by Plaintiff and the other class members," as they "did not reflect the time worked off-the-clock."  FAC ¶ 95 (emphasis added).  The off-the-clock work allegedly included "job duties performed before and/or after [ ] scheduled shifts such as tasks related to providing medical care for patients, cleaning medical equipment and the work area, and communicating with supervisors about work-related issues." *Id.* ¶ 28.  Plaintiff, thus, alleges his wage statements failed to accurately reflect all hours worked, which falls squarely within the scope of claims giving rise to an inference of injury identified by *Maldonado*, 22 Cal. App. 5th at 1337.

Recovery of penalties for wage statements that were underinclusive of the hours Plaintiff worked is not duplicative of Plaintiff's Labor Code claims for, e.g., unpaid overtime and unpaid meal and rest periods. *See, e.g., Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1124 (E.D. Cal. 2022) (recognizing claims for unpaid wages based on time not counted on wage statements "is precisely the type of section 226 claim that [the] *Maldonado* court approved of because it does not run into the problem of double recovery"). Accordingly, the court DENIES the Motion to Dismiss on this basis.

### 4. Whether Plaintiff States a Claim Under the UCL

The UCL outlaws unlawful, unfair, or fraudulent business acts and affords a plaintiff equitable remedies including restitution and injunctive relief. Cal. Bus. & Prof. Code §§ 17200, 17203; *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 ("Private remedies are limited to equitable relief…."). A plaintiff, however, "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL …." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *see also Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act … when the moving party has an adequate remedy at law.").

Thus, a plaintiff must specifically allege she lacks an adequate legal remedy for her UCL claim to survive a motion to dismiss. *See Sonner*, 971 F.3d at 844 (dismissing UCL claim because "the operative complaint does not allege that [plaintiff] lacks an adequate legal remedy"); *see also Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) (dismissing UCL claim because "Plaintiffs have not pointed to any allegation in the Complaint *pleading* that they lack an adequate remedy at law") (emphasis in original); *Schertz v. Ford Motor Co.*, No. 2:20-cv-03221-TJH (PVCx), 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020) (dismissing claims for an injunction and restitution under the UCL because plaintiff failed to allege the lack of an adequate legal remedy as required under *Sonner*).

Here, Plaintiff bases his UCL claim on the alleged Labor Code violations and does not allege he lacks an adequate remedy at law.  *See* FAC ¶¶ 105-11.  Rather, Plaintiff requests compensatory damages and other legal relief stemming from the alleged Labor Code violations.  *See* FAC Prayer for Relief.  The court, thus, agrees with Defendant that, in light of Plaintiff's request for damages, Plaintiff cannot establish there is an inadequate remedy at law.  The court, therefore, GRANTS Defendant's Motion to Dismiss Plaintiff's UCL claim without leave to amend, as amendment would be futile.[5]

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's Motion to Remand (Dkt. 13).  The court GRANTS in part Defendant's Motion to Dismiss (Dkt. 20), and dismisses Plaintiff's eighth cause of action for violation of the UCL without leave to amend.  Defendant's Motion to Dismiss is otherwise DENIED.  Defendant shall file its Answer to the FAC within fourteen (14) days.

IT IS SO ORDERED.

Dated: July 5, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[5] The court also notes that, as a former employee, Plaintiff may lack standing to pursue injunctive relief against Defendant unless he seeks to be rehired.  *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011) (recognizing former employees lack standing to seek injunctive relief against an employer's employment practices).  "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."  *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).