Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
Selena Matavosian (Cal. State Bar No. 348044)
*selena@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MANUEL BRUNO, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

Plaintiff,

vs.

U.S. RENAL CARE, INC., an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:21-CV-04617-FLA-MRW

Honorable Fernando L. Aenlle-Rocha
Courtroom 6B

**CLASS ACTION**

**PLAINTIFF'S NOTICE OF MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Declaration of Proposed Class Counsel (Selena Matavosian); Declaration of Proposed Class Representative (Manuel Bruno); Supplemental Declaration of Proposed Class Representative (Manuel Bruno); and [Further Revised Proposed] Order filed concurrently herewith]

| | |
|---|---|
| Complaint Filed: | March 3, 2021 |
| FAC Filed: | June 24, 2021 |
| SAC Filed: | September 5, 2024 |
| Trial Date: | None Set |

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard before the Honorable Fernando L. Aenlle-Rocha in Courtroom 6B of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Plaintiff Manuel Bruno ("Plaintiff") will and hereby does move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the parties' First Amended Joint Stipulation of Class Action and PAGA Settlement and Release of Claims, attached as "**EXHIBIT 1**" to the Declaration of Selena Matavosian in Support of Plaintiff's Renewed Motion for Preliminary Approval of Class Action Settlement, including the means of allocation and distribution of the Gross Settlement Fund, and the allocations for Class Counsel Award, Class Representative Service Award, PAGA Settlement Amount, FCRA Settlement Amount and Settlement Administrator Costs;
- Certifying the proposed California Class and FCRA Class Members for settlement purposes only;
- Preliminarily appointing Plaintiff Manuel Bruno as Class Representative;
- Preliminarily appointing Arby Aiwazian, Joanna Ghosh, Brian J. St. John, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel;
- Approving the proposed Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Notice of Class Action Settlement" or "Class Notice"), attached as "**EXHIBIT 1**" (for Class Members who are only California Class Members), "**EXHIBIT 2**" (for Class Members who are only FCRA Class Members), and "**EXHIBIT 3**" (for Class Members who are both California Class Members and FCRA Class Members), respectively, to the [Further Revised Proposed] Order Granting Preliminary Approval of Class Action Settlement;

- Appointing Simpluris, Inc. as the Settlement Administrator to handle the notice and administration process for the Settlement and preliminarily approving Settlement Administrator Costs;
- Directing the Settlement Administrator to mail the Class Notice to the proposed Class;
- Approving the proposed deadlines for the notice and administration process as reflected herein and in the Settlement Agreement; and
- Scheduling a hearing to consider final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for an award of the Class Counsel Award, Class Representative Service Award, Settlement Administrator Costs, FCRA Settlement Amount, and PAGA Settlement Amount.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declarations of Proposed Class Counsel (Selena Matavosian) and Proposed Class Representative (Manuel Bruno) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: February 21, 2025

**LAWYERS *for* JUSTICE, PC**

By: Selena

Selena Matavosian
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

## TABLE OF CONTENTS

**I. SUMMARY OF MOTION ..... 1**

**II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..... 3**

**III. SUMMARY OF THE SETTLEMENT TERMS ..... 3**

- **A. The Class for Settlement Purposes ..... 3**
- **B. Essential Terms of the Settlement ..... 4**
- **C. Calculation of Individual California Settlement Payments ..... 4**
- **D. Calculation of Individual FCRA Settlement Payments ..... 5**
- **E. Calculation of Individual PAGA Settlement Payments ..... 5**
- **F. Request for Exclusion, Notices of Objection, and Compensable Work Weeks Dispute Procedures ..... 6**
- **G. Scope of the Release ..... 7**

**IV. THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT ..... 8**

**V. THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED ..... 9**

- **A. The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery ..... 9**
- **B. The Settlement Is Fair, Reasonable, and Adequate ..... 12**
- **C. The Settlement Is of Significant Value and Within the Range of Approval ..... 14**
  - *1. The allocation for the Class Representative Service Award is reasonable. ..... 14*
  - *2. The allocations for the Class Counsel Award are reasonable. ..... 15*

**VI. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23 ..... 17**

- **A. Numerosity ..... 18**

**B. Commonality** ........ **18**

**C. Typicality** ........ **19**

**D. Adequacy of Representation** ........ **19**

*1. Appointment of Class Representative.* ........ *19*

*2. Appointment of Class Counsel.* ........ *20*

**E. Predominance and Superiority** ........ **20**

**VII. ADEQUACY OF THE METHOD OF NOTICE** ........ **21**

**VIII. APPOINTMENT OF SIMPLURIS AS THE SETTLEMENT ADMINISTRATOR** ........ **23**

**X. CONCLUSION** ........ **25**

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) ........ 16

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011) ........ 18

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) ........ 22

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ........ 17

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ........ 23

*Johnson v. California*, 543 U.S. 499, 504–05 (2005) ........ 18

**Treatises**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) ........ 19, 21

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ........ 18, 19

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) ........ 15

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) ........ 18

*Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014) ........ 14

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ........ 21

*Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013) .. 16

*Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014) ........ 14

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008) ... 16

*In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) ........ 16

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992) ........ 18

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)..... 16

*In re Hill*, 775 F.2d 1037 (9th Cir. 1985) ........ 16

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) ........ 14, 19

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) ........ 17

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014) ........ 14

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009)

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

.......................................................................................................... 16

*Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002)......................... 16

*Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016).................... 16

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) ..... 13

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008) ............... 18

*Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980).......................... 21

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014)............................................................................................ 13

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)........ 17

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)........................................................................................................... 17

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996)........................................................................................................... 22

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010)........................................................................................................... 17

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)........................................................................................................... 16

*Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003)................................. 14, 16

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)................. 18

*Van Vranken*, 901 F.Supp. at 297 ...................................................................... 16

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010).. 16

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) ................................................... 11

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .......................... 16, 17

*Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987) .................................. 19

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ............... 16

**Rules**

Federal Rule of Civil Procedure 23(a) ........................................................ 17, 18

Federal Rule of Civil Procedure 23(a)(1)........................................................... 18

Federal Rule of Civil Procedure 23(a)(4)........................................................... 19

Federal Rule of Civil Procedure 23(b) .............................................................. 18

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Federal Rule of Civil Procedure 23(b)(3) ........................................................ 20
Federal Rule of Civil Procedure 23(c)(2)......................................................... 22
Federal Rule of Civil Procedure 23(c)(2)(B) .......................................... 21, 22, 23
Federal Rule of Civil Procedure 23(h)............................................................. 15

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 ...................................................... 19

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF MOTION

Plaintiff Manuel Bruno ("Plaintiff" or "Class Representative") respectfully requests that this Court grant preliminary approval of the First Amended Joint Stipulation of Class Action and PAGA Settlement and Release of Claims ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of all others similarly situated and other aggrieved employees, one the one hand, and Defendant U.S. Renal Care, Inc. ("Defendant"), on the other hand. Subject to Court approval, Plaintiff and Defendant (together, the "Parties") have agreed to settle the above-captioned action (the "Action") for a Gross Settlement Fund of $2,500,000.00[1] on a non-reversionary basis.

The Gross Settlement Fund includes the following: (1) Individual California Settlement Payments to Settlement California Class Members which will be distributed from the Net California Settlement Fund; (2) Class Representative Service Award in an amount not to exceed $7,500.00; (3) Class Counsel Award to Class Counsel consisting of attorneys' fees in an amount not to exceed thirty five percent (35%) of the Gross Settlement Fund (i.e., $875,000 if the Gross Settlement Fund is $2,500,000.00) and reimbursement of litigation costs and expenses in an amount not to exceed $17,000.00; (4) Settlement Administrator Costs to the Settlement Administrator in an amount not to exceed $45,000.00; (5) FCRA Settlement Amount in the amount of $377,932.50 to be equally distributed to all FCRA Class Members; and (6) the PAGA Settlement Amount of $258,300.00 allocated to penalties under the Private Attorneys General Act ("PAGA"), of which 75% (i.e. $193,725.00) will be distributed to the Labor and Workforce Development Agency ("LWDA") and

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Selena Matavosian in Support of Plaintiff's Renewed Motion For Class Action Settlement ("Declaration of Selena Matavosian" or "Matavosian Decl.").

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

25% (i.e. $64,575.00) will be distributed to all current and former non-exempt employees of Defendant in California during the PAGA Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidence by reasonable verification) ("PAGA Group Member"). Agreement, ¶¶ I.23, I.29, I.38, III.24, III.25, III.26, & III.28. The period from March 3, 2019 through February 28, 2023 is the "California Class Period." *Id.*, ¶ I.7. The period from March 3, 2019 through February 28, 2023 is the "FCRA Class Period." *Id.*, ¶ I.21. The period from February 19, 2020 through February 28, 2023 is the "PAGA Period." *Id.*, ¶ I.41.

Plaintiff also seeks to provisionally certify the following California Class and FCRA Class for settlement purposes only, which Defendant does not oppose:

> All current and former non-exempt employees of Defendant in California during the California Class Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification) ("California Class" or "California Class Members"). *Id.*, ¶ I.6.
>
> All of Defendant's current and former employees and applicants for employment in the United States who applied for a job with Defendant for whom a background check was performed during the FCRA Class Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification) ("FCRA Class Member"). *Id.*, ¶ I.20

The California Class is estimated to consist of approximately 2,063 individuals, the FCRA Class is estimated to consist of approximately 10,156 individuals, and the PAGA Group Members are estimated to consist of approximately 1,865 individuals.

The Parties reached the Settlement after engaging in significant formal and informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under federal

and California law. Additionally, the proposed Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Notice of Class Action Settlement" or "Class Notice")[2] provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiff moves the Court to grant preliminary approval of the Settlement and the allocations for Class Counsel Award, Class Representative Service Award, and Settlement Administrator Costs; conditionally certify the proposed California Class and FCRA Class for settlement purposes; direct distribution of the Class Notice; and set a Final Approval Hearing.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

For a discussion of relevant procedural history and facts regarding this matter, please see the Declaration of Selena Matavosian at paragraphs 8 to 36.

## III. SUMMARY OF THE SETTLEMENT TERMS

### A. The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following:

> All current and former non-exempt employees of Defendant in California during the California Class Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification) ("California Class" or "California Class Members"). Agreement, ¶ I.6.

> All of Defendant's current and former employees and applicants for employment in the United States who applied for a job with Defendant for whom a background check was performed during the FCRA Class Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification), ("FCRA Class Members") ¶ I.20.

[2] The Notice of Class Action Settlement is attached as "**EXHIBIT 1,**" "**EXHIBIT 2,**" and "**EXHIBIT 3**" to the Proposed Order, filed concurrently herewith.



LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

As discussed in Section VII, *infra*, conditional class certification is appropriate with respect to the Settlement.

**B. <u>Essential Terms of the Settlement</u>**

Defendant will pay a Gross Settlement Fund of $2,500,000.00 on a non-reversionary basis. Agreement, ¶ I.27. The Net California Settlement Fund means the amount remaining after deducting the following from the Gross Settlement Fund: (1) Class Counsel Award; (2) Class Representative Service Award; (3) PAGA Settlement Amount; (4) Settlement Administrator Costs; and (5) FCRA Settlement Amount. *Id.*, ¶¶ I.23, I.24, I.25, I.26 & I.28. Assuming the allocations towards these payments are awarded in full, the Net California Settlement Fund that will be available to be allocated to California Class Members who do not submit a valid and timely Request for Exclusion ("Settlement California Class Members") is currently estimated to be at least $919,267.50. *Id.*, ¶¶ I.54 & III.18. The entire Net California Settlement Fund will be distributed to Settlement California Class Members based upon their Compensable Workweeks, the entire FCRA Settlement Amount will be distributed to Settlement FCRA Class Members (defined *infra*) based on an equal *pro rata* portion, and the entire PAGA Settlement Amount will be distributed to the State of California and PAGA Group Members based on their Compensable Pay Periods, and no portion of the Gross Settlement Fund shall revert to Defendant. *Id.*, ¶¶ III.19, III.21 & III.22.

**C. <u>Calculation of Individual California Settlement Payments</u>**

The Settlement Administrator shall calculate each Settlement California Class Member's estimated Individual California Settlement Payments, as follows:

> After Preliminary Approval of the Settlement, the Settlement Administrator will divide the Net California Settlement Fund by the Compensable Work Weeks of all California Class Members to yield the "Estimated California Compensable Work Week Value," and multiply each California Class Member's individual Compensable Work Weeks by the Estimated California Compensable Work Week Value to yield hers, his, or their estimated Individual California

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

> Settlement Payment that she, he, or they may eligible to receive under the California Class Settlement. Agreement, ¶ III.19.a
>
> After Final Approval of the Settlement, the Settlement Administrator will divide the final Net California Settlement Fund by the Compensable Work Weeks of all Settlement California Class Members to yield the "Final California Compensable Work Week Value," and Multiply each Settlement California Class Member's individual Compensable Work Weeks by the Final California Compensable Work Week Value to yield hers, his, or their estimated Individual California Settlement Payment. Agreement, ¶ III.19.b.

All Individual California Settlement Payments will be allocated as follows: 20% wages and 80% penalties, interest, and non-wage damages. *Id.*, ¶ III.20. The portion allocated to wages will be reported on an IRS Form W-2 and the portions allocated to penalties, interest, and non-wage damages will be reported on an IRS Form-1099 (if applicable) by the Settlement Administrator. Ibid. The Settlement Administrator will withhold the employee's share of taxes and withholdings with respect to the wages portion of the Individual California Settlement Payments, and issue checks to Settlement California Class Members net of these taxes and withholdings. Ibid. The employers' share of payroll taxes due on the portion of Individual California Settlement Payments that is allocated to wages shall be paid by Defendant in addition to the Gross Settlement Fund. *Id.*, ¶ III.17.

### D. Calculation of Individual FCRA Settlement Payments

Individual FCRA Settlement Payments will be issued to Settlement FCRA Class Members on an equal *pro rata* basis of the FCRA Settlement Amount. *Id.,* ¶ III.21. All Individual FCRA Settlement Payments will be allocated as one hundred percent (100%) non-wages for which an IRS Form 1099 will be issued. Ibid.

### E. Calculation of Individual PAGA Settlement Payments

The Settlement Administrator shall calculate each PAGA Group Member's estimated Individual PAGA Settlement Payment (if he or she is eligible to receive payment thereof), as follows:

> The Settlement Administrator will divide the PAGA Group Member Amount, i.e., 25% of the PAGA Settlement Amount, by the total number of Compensable Pay Periods worked by all PAGA Group Members to yield the "PAGA Compensable Pay Period Value," and multiply each PAGA Group Member's individual Compensable Pay Periods by the PAGA Compensable Pay Period Value to yield hers, his, or their Individual PAGA Settlement Payment. Agreement, ¶ III.22.

All Individual PAGA Settlement Payments will be allocated as one hundred percent (100%) non-wages for which an IRS Form 1099 will be issued (if applicable). Ibid.

### F. Request for Exclusion, Notices of Objection, and Compensable Work Weeks Dispute Procedures

Any Class Member wishing to be excluded from the California Class Settlement and/or FCRA Class Settlement must submit a written letter ("Request for Exclusion") to the Settlement Administrator, by mail, on or before the date that is forty-five (45) calendar days after the Settlement Administrator mails the Class Notice ("Response Deadline"). Agreement, ¶¶ I.50 & I.51. A Request for Exclusion must contain all information required by the Settlement to be valid. *Id.*, ¶ I.50.

To object, Settlement California Class Members who wish to object to the California Class Settlement and Settlement FCRA Class Members who wish to object to the FCRA Class Settlement may do so in person at the Final Approval Hearing and/or in writing by submitting a timely and complete written objection ("Notice of Objection") to the Settlement Administrator, by mail, on or before the Response Deadline. Agreement, ¶¶ I.34 & III.15. The Notice of Objection must contain all information required by the Settlement to be valid. *Id.*, ¶ I.34.

The Class Notice will include the procedure by which a California Class Member may dispute the number of Compensable Work Weeks allocated to him or her by submitting a timely and valid written letter ("Compensable Work

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Weeks Dispute") to the Settlement Administrator, by mail, on or before the Response Deadline. Agreement, ¶¶ I.14 & III.12. The Compensable Work Weeks Dispute must contain all information required by the Settlement to be valid. Ibid.

**G. <u>Scope of the Release</u>**

The Released California Class Claims that are the subject of the Settlement are:

> Any and all causes of action and factual or legal theories that were alleged in the Operative Complaint, or reasonably could have been alleged based on the facts and legal theories contained in the Operative Complaint, arising during the California Class Period, including all of the following claims for relief: (a) failure to pay all wages due, including minimum wages, straight time, and overtime; (b) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (c) failure to provide proper rest periods, and to properly provide premium pay in lieu thereof; (d) failure to pay all wages timely at the time of termination and/or during employment; (e) failure to provide complete, accurate or properly formatted wage statements; (f) failure to keep requisite payroll records; (g) failure to indemnify necessary business expenses; (h) unfair business practices that could have been premised on the claims, causes of action, or legal theories of relief described above or any of the claims, causes of action, or legal theories of relief pleaded in the Operative Complaint; and (i) all damages, penalties, interest, and other amounts recoverable under said claims, causes of action, or legal theories of relief. *Id.*, ¶ I.46.

The Released FCRA Class Claims that are the subject of the Settlement are:

> Any and all causes of action and factual or legal theories that were alleged in the Operative Complaint or reasonably could have been alleged based on the facts and legal theories contained in the Operative Complaint, arising during the FCRA Class Period, relating to background checks including but not limited to claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*., and similar state laws, including the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq*., the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq*., California Business & Professions Code §§ 17200 *et seq*., and similar claims under other state laws, including all damages, punitive damages, penalties, interest, and other amounts recoverable under said claims, causes of action, or legal theories of relief. *Id.*, ¶ I.47.

The Released PAGA Claims that are the subject of the Settlement are:





LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Any and all causes of action and factual or legal theories that were alleged in the Operative Complaint, or reasonably could have been alleged based on the facts and legal theories of the Operative Complaint, arising during the PAGA Period, for civil penalties pursuant to the PAGA for Defendant's alleged failure to: (a) pay all wages due, including minimum wages, straight time, and overtime, (b) provide proper meal periods, and to properly provide premium pay in lieu thereof; (c) provide rest periods and to properly provide premium pay in lieu thereof; (d) pay all wages timely at the time of termination and/or during employment; (e) provide complete, accurate, or properly formatted wage statements; (f) keep requisite payroll records; and (g) indemnify necessary business expenses. *Id.*, ¶ I.48.

The Released Parties means Defendant, and any of its past, present, and/or future, direct and/or indirect, officers, directors, members, managers, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers. *Id.*, ¶ I.49.

As of the Effective Date and full funding of the Gross Settlement Fund, all Settlement California Class Members release the Released Parties from the Released California Class Claims, whether known or unknown, all Settlement FCRA Class Members release the Released Parties from the Released FCRA Class Claims, whether known or unknown, and all PAGA Group Members release the Released Parties from the Released PAGA Claims, whether known or unknown. *Id.*, ¶¶ III.1, III.2, & III.3.

## IV. THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

Class action settlements require court approval. Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, Courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id.*

## V. THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be preliminarily approved.

### A. The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery

An initial presumption of fairness exists "if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation as class counsel is most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the Parties actively litigated this case since it was commenced on March 3, 2021. Class Counsel conducted a thorough investigation into the facts and circumstances of the case and diligently investigated the allegations in this lawsuit. Matavosian Decl., ¶¶ 40-42. Class Counsel reviewed a volume of documents and data obtained from Defendant, Plaintiff, and other sources, including and not limited to, employment records of Plaintiff, a detailed sampling of Class Members' time and pay data, job description, earning statements, Defendant's Employee Handbook, company policy acknowledgments and forms (including, but not limited to, Defendant's Employee Handbook Acknowledgment Form, California Meal Period Policy Acknowledgement, New Hire Acknowledgement of the Compliance Program and Code of Ethical Conduct, Receipt and Acknowledgement of Acceptable Use Policy, Workers' Comp – Notice to New Employees), employment policies, practices, and procedures (including, but not limited to, Defendant's California Meal Period Policy, Employee Handbook Addendum/Paid Sick Leave Policy, Voluntary Self-Identification), among other information and documents. *Id.*, ¶ 41. Class Counsel served multiple sets of formal written discovery requests (specifically, Requests for Production of Documents (Set One), Special Interrogatories (Sets One and Two), and Form Interrogatories – General (Set One)), and noticed the depositions of Defendant's Person Most Knowledgeable designees (with accompanying requests for production of documents) on Defendant. Ibid. The Parties exchanged information and documents informally and formally. *Id.*, ¶ 40-41. The Parties also met and conferred on numerous occasions over issues relating to the pleadings, motion practice, and the production of documents and data prior to mediation. *Id.*, ¶ 41.

The Parties reached the Settlement after reviewing all available evidence,

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

arm's-length bargaining, and participating in mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. Matavosian Decl., ¶ 40. During the mediation, the Parties exchanged information and discussed various aspects of the case, including and not limited to, Plaintiff's claims, the risks and delays of further litigation and of proceeding with certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, FCRA, and PAGA representative claims, the evidence produced and analyzed, and the possibility of appeals, among other things. Ibid.

During all settlement discussions, the Parties conducted their negotiations at arm's length from an adversarial position. Matavosian Decl., ¶ 40. Arriving at a settlement that was acceptable to both parties was not easy. With the aid of the mediator's evaluations, the Parties agreed that this case was well-suited for settlement given the legal issues relating to the claims, as well as the costs and risks to both sides that would attend further litigation. *Id.*, ¶¶ 40 & 47. The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. *Id.,* ¶¶ 39, 41, 47 & 65.

The Settlement is based on this large volume of facts, evidence, and investigation, and the Parties' negotiations during the mediation.[3] While the Parties disagree over the merits and certifiability of Plaintiff's claims, Plaintiff and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class, State of California, and PAGA Group Members, in light of all known facts and circumstances. Matavosian Decl., ¶¶ 40, 42 & 65.

[3] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").



LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

**B. The Settlement Is Fair, Reasonable, and Adequate**

The Gross Settlement Fund of $2,500,000.00 represents a fair, reasonable, and adequate resolution of this lawsuit. Under the Settlement, the entire Net California Settlement Fund will be distributed to Settlement California Class Members and is currently estimated to be at least $919,267.50. Also, under the Settlement, the amount of $258,300.00 is allocated to resolution of the Released PAGA Claims, of which $193,725.00 will be distributed to the LWDA (i.e., the LWDA Payment) and $64,57.00 will be distributed to PAGA Group Members (i.e., the PAGA Group Members Amount). Additionally, the amount of $377,932.50 is allocated to the resolution of the Released FCRA Class Claims, and will be distributed to Settlement FCRA Class Members. The amount of the Settlement is reasonable considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or representative basis. *Id.*, ¶¶ 40, 42, 47 & 65. Additionally, the Settlement guarantees a certain monetary recovery to Settlement California Class Members, Settlement FCRA Class Members, PAGA Group Members, and the State of California in a reasonably short period of time, as opposed to waiting additional years for the same, or possibly, no recovery.

The Settlement was calculated using data and information obtained through case investigation, Defendant's removal papers, and informal exchange of information in advance of and/or in the context of mediation and settlement negotiations. Matavosian Decl., ¶¶ 40 & 41. Prior to the mediation, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶¶ 40, 41, 42, 45 & 47. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained, and permitted a complete understanding of Defendant's employment policies, practices, and procedures. *Id.*, ¶¶ 41, 45, & 47. This information proved invaluable in negotiating a settlement amount that provides fair, adequate, and reasonable payment for the resolution of the class, FCRA and PAGA claims. *Id.,* ¶ 65.

The Parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case. Matavosian Decl., ¶¶ 40, 46, 47, 58, & 65. Prior to the mediation, Class Counsel performed extensive damages and valuation analysis based on class data and a sampling of data provided by Defendant. *Id.*, ¶¶ 41 & 47. During the mediation, Defendant contended, among other things, that their policies and practices fully complied with California law. *Id.*, ¶¶ 40 & 47.

Plaintiff faces numerous risks in continued litigation, including and not limited to, the risk of receiving no recovery if a class is not certified and/or no liability is found and the Court determining that adjudication on a representative or class basis is unmanageable and not appropriate. Matavosian Decl., ¶¶ 42, 46, 47, & 65. Plaintiff also faces the real possibility that the amount recovered against Defendant after years of litigation and a lengthy and costly trial is less than the amount negotiated in this Settlement. Ibid.

Additionally, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Individual California Settlement Payments will be calculated based upon the California Class Member's Compensable Workweeks during the California Class Period. Agreement, ¶ III.19. The Individual FCRA Settlement Payments will be issued to Settlement FCRA Class Members on an equal *pro rata* basis of the FCRA Settlement Amount. *Id.,* ¶ III.21. Individual PAGA Settlement Payments will be calculated based upon each PAGA Group Member's Compensable Pay Periods during the PAGA Period. *Id.,* ¶ III.22.

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the final approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002). Considering the facts in this case, the amount of the Settlement represents a

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS for JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

fair, reasonable, and adequate recovery for the Class, State of California, and PAGA Group Members. Matavosian Decl., ¶¶ 40, 42, 47 & 65.

### C. The Settlement Is of Significant Value and Within the Range of Approval

The Gross Settlement Fund of $2,500,000.00 provides substantial monetary recovery to the Class Members, State of California, and PAGA Group Members, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiff requests approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

#### *1. The allocation for the Class Representative Service Award is reasonable.*

Subject to Court approval, Plaintiff will receive a Class Representative Service Award of $7,500.00. Agreement, ¶ III.24. The Class Representative Service Award will be paid in addition to Plaintiff's Individual California Settlement Payment, Individual FCRA Settlement Payment, and/or Individual PAGA Settlement Payment. Ibid.

The trial court has discretion to award incentives to the class representatives.[4] Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards

[4] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

Here, the contemplated Class Representative Service Award is fair and appropriate and is well within the range of incentive payments awarded by district courts. *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501, at *8 (N.D. Cal. Jan. 5, 2015) (approving $9,000 incentive awards); *Covillo*, 2014 WL 954516, at *8 (approving an $8,000 incentive award).

Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Matavosian Decl., ¶ 64; Declaration of Manuel Bruno in Support of Plaintiff's Renewed Motion for Preliminary Approval of Class Action Settlement ("Bruno Decl."), ¶¶ 3-5. Plaintiff was available whenever his counsel needed him and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims, and further understands he owes fiduciary duties to the California and FCRA Classes. Bruno Decl., ¶¶ 3-5; Supplemental Declaration of Manuel Bruno in Support of Plaintiff's Renewed Motion for Preliminary Approval of Class Action Settlement, ¶ 3. Accordingly, it is appropriate and just for Plaintiff to receive a reasonable class representative service award for his services on behalf of the Class, State of California, and PAGA Group Members.

*2. The allocations for the Class Counsel Award are reasonable.*

The Settlement establishes a Gross Settlement Fund of $2,500,000.00 and provides for Class Counsel to apply for attorneys' fees in an amount of up to 35% of the Gross Settlement Fund. Agreement, ¶ III.25. Class Counsel will bring an appropriate motion in advance of the Final Approval Hearing pursuant to Rule 23(h), and submit supporting evidence and documents.

Under California and Ninth Circuit precedent, a court has discretion to

determine attorneys' fees using either the lodestar method or the percentage-of-the-fund method.[5] District courts may adjust the twenty-five percent (25%) benchmark (observed by the Ninth Circuit) upward or downward if "the percentage recovery would be either too small or large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048. If a proposed class action settlement includes an award of attorneys' fees, courts must evaluate that fee award on a case-by-case basis in the overall context of the settlement, and an award above the twenty-five percent (25%) benchmark may be warranted.[6] In California, attorneys' fees tend to be awarded above the twenty-five percent (25%) federal benchmark. *See Van Vranken*, 901 F.Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than $10 million); *Craft v. City. of San Bernardino*, 624 F.Supp.2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the fund is below $10 million are often more than 25%). Moreover, "awards in the Central District are in the 20% to 50% range." *Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[7]

---

[5] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 253 (2001); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the amount of total recovery, as opposed to the total amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

[6] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

[7] Other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8

*(Footnote continued)*

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for over three (3) years, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Matavosian Decl., ¶ 40. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel has achieved an excellent result in this lawsuit. Considering the amount of the fees to be requested, the work performed, and the risks incurred, the allocations for Class Counsel Award provided for by the Settlement are reasonable and should be awarded. *See Vizcaino*, 290 F.3d at 1051.

## VI. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule

---

(S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

**A. <u>Numerosity</u>**

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately 2,063 California Class Members, 10,156 FCRA Class Members, and 1,865 PAGA Group Members. Matavosian Decl., ¶ 38. The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

**B. <u>Commonality</u>**

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one common question of law or fact satisfies this requirement.[8] Commonality has been found to exist when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[9] Here, the Class Members seek remedies

---

[8] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

[9] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

under California's wage-and-hour laws for violations arising from common, uniform, and systematic practices which applied to all Class Members during the Settlement Class Period. *See* e.g., Matavosian Decl., ¶¶ 45 &47. Accordingly, the commonality requirement is satisfied for settlement purposes.

**C. Typicality**

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical." *Id.* at 869. Here, Plaintiff's claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Given the structure of the Settlement, the proposed Class satisfies the typicality requirement for settlement purposes as Plaintiff's claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

**D. Adequacy of Representation**

Rule 23(a)(4) requires that: (1) Class Representatives fairly and adequately protect the interests of the class, and (2) Class Counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)." [10] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

***1. Appointment of Class Representative.***

Plaintiff meets the requirements under Federal Rule of Civil Procedure

[10] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth Ed.* § 21.132 ("a settlement class must be cohesive").





LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

23(a)(4), for appointment to represent the Class. Plaintiff's claims are typical of and align with those of Class Members, which are confined to a limited group of similarly-situated employees who worked for Defendants within the State of California during the California Class Period. Also, Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Matavosian Decl., ¶ 64; Bruno Decl., ¶¶ 3-5. Plaintiff was available whenever his counsel needed him and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims. Bruno Decl., ¶¶ 3-5. As such, Plaintiff has demonstrated that he has and will continue to fairly and adequately represent the Class, and appointment of Plaintiff as Class Representative is appropriate.

***2. Appointment of Class Counsel.***

Class Counsel meet the requirements under Federal Rule of Civil Procedure 23(g), for appointment to represent the Class. Class Counsel are highly experienced in employment class action and complex wage-and-hour litigation, having handled many cases before and having been appointed class counsel in many other cases. Matavosian Decl., ¶¶ 2-7. Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement. Class Counsel conducted extensive research, investigation, and analysis of the potential value of the claims. *Id.*, ¶¶ 40 & 47. Class Counsel have committed and continue to commit significant financial and staffing resources to the pursuit of the Action. As such, appointment of Arby Aiwazian, Joanna Ghosh, Brian J. St. John, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel is appropriate.

**E. <u>Predominance and Superiority</u>**

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because: (1) common questions predominate over questions that affect individual members and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

that the proposed class will be certified for settlement purposes only. *See Amchem Prods.,* 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

Here, the proposed Class is sufficiently cohesive to warrant certification. For settlement purposes, common questions of fact and law affecting Class Members predominate over any questions that may affect only individual members. For example, Defendant's alleged failure to properly pay their employees for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendant's uniform policies, practices, and procedures. As such, the questions of fact and law relating to these issues predominate.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs. Therefore, a class resolution is superior to any other available methods.

## VII. ADEQUACY OF THE METHOD OF NOTICE

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone and should neither promote nor

LAWYERS *for* JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

Here, the proposed Class Notice provides the best notice practicable and is adequate. It provides information on, *inter alia*, the nature of the Actions, the definition of the Class, the terms of the Settlement, the scope of the Released California Class Claims, Released FCRA Class Claims, and Released PAGA Claims, the binding effect of the Settlement, and the allocations for the Class Counsel Award, Class Representative Service Award, PAGA Settlement Amount, FCRA Settlement Amount, and Settlement Administrator Costs. Each notice shall include, among other things: (a) for California Class Members, an estimated Individual California Settlement Payment and number of Compensable Work Weeks worked during the California Class Period, (b) for FCRA Class Members, estimated Individual FCRA Settlement Amount, (c) for PAGA Group Members, estimated Individual PAGA Settlement Amount and number of Compensable Pay Periods worked during the PAGA Period, (d) how to opt-out of the California Class Settlement and/or FCRA Class Settlement, (e) how to object to the California Class Settlement and/or FCRA Class Settlement, and (f) how to dispute the number of estimated Compensable Work Weeks (for California Class Members). The Class Notice summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

All Class Members can and will be identified by Defendant through a review of their records. Upon receipt of the California Class Information and FCRA Class Information, the Settlement Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes. Agreement, ¶ III.10.[11] Accordingly, the proposed Class Notice is

[11] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

LAWYERS for JUSTICE, PC
450 North Brand Boulevard, Suite 900
Glendale, California 91203

adequate and is the best notice practicable under Rule 23(c)(2)(B).

The Class Notice also fulfills the requirement of neutrality in class notices. The Class Notice provides a brief, neutral explanation of the case from the perspective of both parties and recognizes that the Court has not yet granted final approval of the Settlement.[12] The Class Notice sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Requests for Exclusion, Notice of Objections, and Compensable Work Weeks Disputes. The proposed Class Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed Class Notice.

## VIII. APPOINTMENT OF SIMPLURIS AS THE SETTLEMENT ADMINISTRATOR

The parties have selected Simpluris Inc., ("Simpluris") as the Settlement Administrator to handle the notice and administration of the Settlement. Simpluris shall be responsible for the following: processing and mailing payments to Plaintiff, Class Counsel, Settlement California Class Members, Settlement FCRA Class Members, and PAGA Group Members; printing, and mailing Class Notices and tax forms to the Class Members and PAGA Group Members as directed by the Court; receiving and reporting the Request for Exclusion, Notices of Objection, and Compensable Work Weeks Disputes; providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement; and other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform. Agreement, ¶ III.27. Simpluris will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

[12] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

Settlement Administrator Costs are currently estimated not to exceed $45,000.00 and will be paid out of the Gross Settlement Fund subject to approval by the Court. Plaintiff respectfully requests that the Court appoint Simpluris as the Settlement Administrator and direct distribution of the Class Notice in the manner and in accordance with the proposed schedule, set forth in the Agreement and discussed in Section VIII, *infra*.

## IX. DEADLINES FOR NOTICE AND ADMINISTRATION

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process. Upon the Court granting preliminary approval of this Agreement, Defendant shall provide the Settlement Administrator a list of the following information: each California Class Member's last-known full name, last-known address, last-known home telephone number, Social Security number, and Compensable Work Weeks (collectively, "California Class Information") and each FRCA Class Member's last known full name, last known address, last known home telephone number, and Social Security number ("FCRA Class Information") within 15 business days for purposes of mailing the Class Notice to the Class Members. Agreement, ¶¶ I.5, I.19 & III.9. Upon the receipt of the California Class Information and FCRA Class Information, the Settlement Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes. *Id.*, ¶ III.10. Within 14 calendar days of receipt of the California Class Information and FCRA Class Information, the Settlement Administrator shall mail copies of the Class Notice to all Class members via regular First-Class U.S. Mail with a return postage-paid envelope. Ibid. Any Class Notice returned to the Settlement Administrator as undeliverable on or before the Response Deadline shall be re-mailed once to the forwarding address affixed thereto. *Id.*, ¶ III.11. If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by use of skip-tracing, or other search using the name, address and/or Social

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203

Security number of the Class Member whose notice was undeliverable, and shall then re-mail all returned, undelivered Class Notices within 5 calendar days of receiving notice that a Class Notice was undeliverable. Ibid. Requests for Exclusion, Notice of Objections, and Compensable Work Weeks Disputes must be mailed to the Settlement Administrator, postmarked on or before the Response Deadline. *Id.*, ¶ I.51.

Each individual settlement payment check will be valid and negotiable for 180 calendar days from the date the checks are issued, and thereafter, shall be cancelled. *Id.*, ¶ III.23. All funds associated with such cancelled checks will be transmitted to the State of California Office of the Controller Unclaimed Property Division in the name of the Settlement Class member and/or PAGA Group Member who did not cash his/her/their Settlement check. Ibid.

## X. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement; certify the proposed Class for settlement purposes; appoint Arby Aiwazian, Joanna Ghosh, Brian J. St. John, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel; preliminarily approve the allocations for the Class Counsel Award, Class Representative Service Award, FCRA Settlement Amount, PAGA Settlement Amount, and Settlement Administrator Costs; appoint Plaintiff as the Class Representative; appoint Simpluris as the Settlement Administrator; approve and direct the mailing of the Class Notice to the Class; and schedule a Final Approval Hearing in approximately six (6) months.

Dated: February 21, 2025

**LAWYERS *for* JUSTICE, PC**

By: ______________________________
Selena Matavosian
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 North Brand Boulevard, Suite 900
Glendale, California 91203