UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BRUNO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. RENAL CARE, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-04617-FLA (MRWx)<br><br>**CORRECTED ORDER GRANTING AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT [DKT. 74]** |

## **RULING**

On February 21, 2025, Named Plaintiff Manuel Bruno ("Plaintiff" or "Bruno") filed the subject Amended Motion for Preliminary Approval of Class Action Settlement ("Amended Motion"). Dkt. 74 ("Am. Mot.").[1] Defendant U.S. Renal Care, Inc. ("Defendant") does not oppose the Motion. The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS in part the Amended Motion, APPROVES the First Amended Joint Stipulation of Class Action and PAGA Settlement and Release of Claims ("Settlement Agreement," Dkt. 74-1 at 46–88[2]), APPOINTS Simpluris Inc. ("Simpluris") as the Settlement Administrator, SETS the final approval of the Class Action Settlement for hearing on September 12, 2025 at 3:00 p.m., and AUTHORIZES notice to be sent to the class members on the condition that the Notice of Pendency of Class Action Settlement, the Settlement Agreement, and all other documents provided to class members are corrected to identify all claims asserted in the Second Amended Complaint ("SAC") and reflect a maximum 25% attorney fee award ($625,000.00), with the Net California Settlement Fund adjusted accordingly. The notice and administration deadlines proposed (Am. Mot. at 14, 32–33) are APPROVED.

Plaintiff shall file within seven (7) days proof of service of the Settlement Agreement on the California Labor and Workforce Development Agency ("LWDA") pursuant to former California Labor Code § 2699(*l*)(2) (2021), and notice the

---

[1] The factual and procedural background for the Amended Motion is set forth in the court's August 30, 2024 Order granting in part and denying in part Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement (Dkt. 65 at 2–3), and incorporated by reference into this Order.

[2] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

2

appropriate federal and state officials pursuant to 28 U.S.C. § 1715(b).

## DISCUSSION

### I. Class and PAGA Group Definitions

On November 26, 2024, the court certified provisionally the following classes for purposes of settlement proceedings:

1. All current and former non-exempt employees of Defendant in California during the California Class Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification) ("California Class").

2. All of Defendant's current and former employees and applicants for employment in the United States who applied for a job with Defendant for whom a background check was performed during the FCRA Class Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification) ("FCRA Class").

Dkt. 65 at 4–5; Dkt. 69 at 1–2.

The California and FCRA Class Periods are each defined as "the period from March 3, 2019 through February 28, 2023." Dkt. 74-1 (Settlement Agreement) at 47 ¶ 7, 50 ¶ 21. The California Class is estimated to consist of approximately 2,063 individuals. Am. Mot. at 10. The FCRA Class is estimated to consist of approximately 10,156 individuals. *Id.*

The Settlement Agreement also identifies the following "PAGA Group":

[A]ll current and former non-exempt employees of Defendant in California during the PAGA Period (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification).

Dkt. 74-1 (Settlement Agreement) at 54 ¶ 38.

The PAGA Period is defined as "the period from February 19, 2020 through February 28, 2023." *Id.* at 54 ¶ 41. The PAGA Group is estimated to consist of

approximately 1,865 individuals. Am. Mot. at 10.

## II. Payment Terms

Under the Settlement Agreement, Defendant agrees to pay a "Gross Settlement Fund" of $2.5 million on a non-reversionary basis. Mot. at 12 (citing Dkt. 74-1 (Settlement Agreement) at 51 ¶ 27). Plaintiff requests the court approve the following allocation of the Gross Settlement Fund:

1. Attorney's fees not to exceed 35% of the Gross Settlement Fund ($875,000.00);
2. Litigation costs and expenses not to exceed $17,000.00;
3. A class representative service award not to exceed $7,500.00, payable to Bruno;
4. Settlement administrator costs not to exceed $45,000.00;
5. A FCRA Settlement Amount of $377,932.50, payable to the FCRA Class;
6. A PAGA Settlement Amount of $258,300.00, with 75% to be distributed to the LWDA ($193,725.00) and 25% distributed to the PAGA Group ($64,575.00); and
7. A Net California Settlement Fund of all remaining funds (at least $919,267.50), payable to the California Class.

Am. Mot. at 9–10.

## III. Fairness of Settlement Terms and Sufficiency of Notice

Fed. R. Civ. P. 23(e) ("Rule 23(e)") requires the court to determine whether a proposed settlement is fundamentally fair, reasonable, and adequate. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds as recognized in In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 975 F.3d 770, 777–78 (9th Cir. 2020). "Neither the district court nor [the appellate] court have the ability to delete, modify or substitute certain provisions." *Id.* (quotation marks omitted). "The

1 settlement must stand or fall in its entirety." *Id.*

2   "At the preliminary approval stage, the court evaluates the terms of the settlement to determine whether they are within a range of possible judicial approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (quotation marks and brackets omitted). "[T]he court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Id.* (quotation marks omitted).

   After considering the Amended Motion and all relevant documents, the court finds the proposed Settlement Agreement is fair, adequate, and reasonable. The court, however, finds the Notice of Pendency of Class Action Settlement proposed to be sent to the parties (Dkt. 74-1 at 106–15) is deficient because Class Counsel has failed to establish they are entitled to recover the amount of attorney's fees requested.

   In the August 30, 2024 Order, the court noted Plaintiff had failed to establish the 35% attorney's fee award requested was fundamentally fair and reasonable, and denied in part the Motion on that basis. Dkt. 65 at 12–13. The Ninth Circuit has established 25% of the fund as the "benchmark" award that should be given in common fund cases. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). "The benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Id.*; *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award. Where such investment is minimal, as in the case of an early settlement, the lodestar calculation may convince a court that a lower percentage is

reasonable. Similarly, the lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted.").

Plaintiff argues "the attorneys' fee award provided for by the Settlement [Agreement] is reasonable, particularly in light of the time and effort expended by Class Counsel," stating "Class Counsel litigated this case for over three (3) years, with the possibility of an unsuccessful outcome and no fee recovery of any kind." Am. Mot. at 25. The court disagrees. Plaintiff does not present any specific facts or any lodestar calculation to establish that a greater fee award than the 25% benchmark is reasonable and appropriate here. *See id.* at 23–25; Dkt. 74-1 at 3–5. The parties filed the Notice of Settlement on October 14, 2022 (Dkt. 41), which was only 18 months after Plaintiff filed the initial Complaint and before the court issued a scheduling order. There has also been reasonably little motion practice, and the action settled before the parties filed summary judgment motions.

Based on the record presented, the court finds Plaintiff has not established the amount of attorney's fees requested is warranted or recoverable and, therefore, an attorney's fee request above the 25% benchmark should not be included in the notice and related documents provided to the class members. The proposed notice satisfies the requirements of Rule 23 otherwise, *see* Fed. R. Civ. P. 23(c)(2)(B), except that the claims identified on page 2 of the notice (Dkt. 74-1 at 108) do not reflect all claims asserted in the SAC.

Accordingly, the court GRANTS in part the Amended Motion, APPROVES the Settlement Agreement, and AUTHORIZES notice to be sent to the class members on the condition that the Notice of Pendency of Class Action Settlement, the Settlement Agreement, and all other documents provided to class members are corrected to identify all claims asserted in the SAC and reflect a maximum 25% attorney's fee award ($625,000.00), with the Net California Settlement Fund adjusted accordingly. The notice and administration deadlines proposed (Am. Mot. at 14, 32–33) are APPROVED.

## CONCLUSION

For the aforementioned reasons, the court GRANTS in part the Amended Motion, APPROVES the Settlement Agreement, APPOINTS Simpluris as the Settlement Administrator, SETS the final approval of the Class Action Settlement for hearing on September 12, 2025 at 3:00 p.m., and AUTHORIZES notice to be sent to the class on the condition that all documents presented reflect a maximum 25% attorney's fee award with the Net California Settlement Fund adjusted accordingly.

Plaintiff shall file within seven (7) days proof of service of the Settlement Agreement on the LWDA pursuant to former California Labor Code § 2699(*l*)(2) (2021), and notice to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715(b)

IT IS SO ORDERED.

Dated: March 11, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge